IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

ND DIVISION (Division)

SEAN NICHOLS                                                                    PLAINTIFF

CASE NO. **60CV 2011 4996**

V.

10/17/11 15:32:31
LARRY CRANE PULASKI CIRCUIT CLERK
KU

UNICARE LIFE & HEALTH INSURANCE COMPANY
and ACXIOM CORPORATION LIFE AND ACCIDENTAL
DEATH AND DISMEMBERMENT INSURANCE PLAN                        DEFENDANTS

## COMPLAINT

Comes Plaintiff, Sean Nichols, by and through undersigned counsel, and for his cause of action against UniCare Life & Health Insurance Company ("UniCare") and the Acxiom Corporation Life and Accidental Death and Dismemberment Insurance Plan (the "Plan") states:

1. This is an action regarding the denial of accidental death benefits and the additional benefit for children's education, which are provided by the Plan.

2. The Plan is funded by an insurance policy and is underwritten by UniCare in accordance with the Employee Retirement Income Security Act ("ERISA").

3. Defendant UniCare is a foreign corporation licensed to do business in Arkansas.

4. The Plan is a welfare benefit plan as that term is defined in ERISA.

5. Pursuant to 29 U.S.C. Section 1132(e), this Court has jurisdiction over the subject matter of this action.

6. Plaintiff's deceased spouse, Dana Nichols, was employed by Acxiom Corporation until her untimely, accidental death on May 3, 2010. She was forty-two (42) years of age.

EXHIBIT

**A**

7. UniCare, the insurer of the Plan, also served as the claims' administrator of the Plan. Plaintiff timely filed his claim for these benefits UniCare.

8. UniCare denied Plaintiff's claim before it had received a copy of the autopsy report by the Arkansas Medical Examiner.

9. Plaintiff appealed this denial and submitted a copy of the autopsy report with his appeal of July 23, 2011.

10. The Arkansas Medical Examiner's autopsy report concluded that Ms. Nichols' cause of death was a "mixed drug intoxication" and noted that the manner of death was "undetermined."

11. In the appeal, UniCare was informed that Ms. Nichols had a loving and supportive family and that she was happily married. Ms. Nichols' son had just graduated from college and her daughter was just starting her educational training in the nursing profession.

12. UniCare was further advised that in April 2010, Ms. Nichols purchased a new car and was planning for lap ban surgery.

13. These facts are important because UniCare's decision to deny benefits was made based on its improper and incorrect finding that Ms. Nichols committed suicide.

14. UniCare's denial stated that "Ms. Nichols' death was the result of drug intoxication and the plan exclusions state no benefits are payable *'for a death or loss that results from, or that is caused directly, wholly or partly by being intoxicated.'* This finding completely obfuscates the true facts that demonstrate that Ms. Nichols' accidentally ingested prescription drugs prescribed by her different treating physicians, which when mixed together became a lethal dose for her.

2

15. UniCare has attempted to hide behind the veil of its misapplication of the word "intoxication." In some accidental death cases, intoxication may be an issue because it involves the operator of a motor vehicle. In this case, UniCare has tried to hide behind an exclusion that is not applicable to this case. In fact, the autopsy report indicated that no alcohol was detected in her system.

16. UniCare had been informed that Ms. Nichols had been involved in three car accidents in 2004, 2006 and 2010, which caused her to rely on pain medications for relief. She had also been treated for thyroid cancer with radioactive iodine. Along with the various pain medications, Ms. Nichols was taking Ambien to help her sleep, and she continued to take medications for Type 2 diabetes and for her thyroid problems.

17. As reported by the Arkansas Medical Examiner's autopsy, Ms. Nichols' death resulted from the interaction of these drugs.

18. There is nothing in the autopsy report, in the Death Certificate or in the entirety of administrative record of this claim that suggests that Ms. Nichols' death was suicide.

19. There is, however, considerable evidence in the record that suggests that Ms. Nichols' death was not suicide. In the narratives from family members it is clear that Ms. Nichols was looking forward to new and exciting changes in her life.

20. Additionally, based on the findings of the autopsy report, it is evident that Drs. Frank J. Peretti and Dr. Charles P. Kokes did not believe that this death was a suicide or they would have made that finding.

21. It was, therefore, arbitrary and capricious for UniCare to conclude that it was suicide.

22. Since the entirety of the record is filled with information that suggests that Ms. Nichols simply took too much of her prescribed medication and it proved to be fatal.

3

23. Had UniCare fairly reviewed the medical and other documentary evidence, its only rational finding was that the death was accidental.

24. Plaintiff advised UniCare in his appeal letter that "There is a presumption against suicide, or death by any other unlawful act, and this presumption arises even where it is shown by proof that death was self-inflicted- the death is presumed to have been accidental until the contrary is made to appear. This rule is founded upon the natural human instinct or inclination of self-preservation, which renders self-destruction an improbability with a rational being."

25. Plaintiff further advised UniCare: "Another apt statement of the rule is that where the cause of death is unexplained or undisclosed by evidence, or where evidence tending to prove self-destruction is contradicted, or impeached, or some evidence adduced is consistent with a reasonable hypothesis that the death was not self-caused, the presumption *against suicide prevails*."

26. Finally, Plaintiff advised UniCare: "And if there be a doubt, the evidence being conflicting and nearly evenly balanced, whether the death was caused by suicide or accident, the presumption is *in favor of accident*. So, where the evidence points equally or indifferently to accident or suicide, the theory of accident is adopted. And the force of the presumption based upon the love of life must, it is decided, be given effect against the defense of suicide, unless the evidence discloses no other reasonable hypothesis." See *Security Life & Trust Co. v. First National Bank*, 249 Ark. 572, 578, 460 S.W.2d 94 (1970).

27. Plaintiff has exhausted his administrative remedies under the Plan.

4

## COUNT 1

Plaintiff incorporates the allegations contained in Paragraphs 1 through 27 as if fully stated herein and says further that:

28. Plaintiff is entitled to certain benefits under the Plan consisting of past due accidental death benefits and the children's additional educational benefits, including prejudgment interest, retroactive to the date that the benefits were wrongfully denied.

29. Plaintiff is entitled to the benefits under the Plan because he has satisfied all conditions to be eligible to receive the benefits.

30. Defendants have refused to make benefit payments to Plaintiff and have ignored substantial evidentiary documents supplied by Plaintiff.

## COUNT 2

Plaintiff incorporates the allegations contained in Paragraphs 1 through 30 as if fully stated herein and says further that:

31. Defendant UniCare, as insurer and claims' administrator of the Plan, owed a duty to Plaintiff to handle his claim in a fair and proper fashion.

32. Defendant UniCare, pursuant to the provisions of the Plan and in accordance with ERISA, had the duty to do a full and fair review of Plaintiff's claim. UniCare has breached its fiduciary duty by failing to do a full and fair review.

33. Defendant UniCare further breached its fiduciary duties by wrongly denying Plaintiff's claim and by rendering a decision that was in conflict with the evidence submitted to it.

34. UniCare has rendered a decision that was contrary to the reasonably correct interpretations of the Plan and evidence submitted.

### COUNT 3

Plaintiff incorporates the allegations contained in Paragraphs 1 through 34 as if fully stated herein and says further that:

35. Plaintiff requests that the Court enter a Declaratory Judgment adjudging him to be entitled to the accidental death benefits and the additional benefit for children's education provided by the Plan.

### DAMAGES

36. Plaintiff is entitled to the accidental death benefits and the additional benefit for children's education plus prejudgment interest.

37. Plaintiff is entitled to a reasonable attorney's fees.

38. Plaintiff is entitled to relief because of Defendants' breach of fiduciary duties.

WHEREFORE, Plaintiff, Sean Nichols, prays that he have judgment against Defendants for the accidental death benefits and the additional benefit for children's education plus prejudgment interest, attorneys' fees and costs, and for all other relief to which he may be entitled.

Respectfully submitted,

Leon Marks, P.A.
P O Box 251159
Little Rock, AR 72225-1159
(501) 280-9919
LMarks5080@aol.com

By: _____
Leon Marks (Ark. Bar # 76-175)

6