## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN   DIVISION

SEAN NICHOLS

      \*

   Plaintiff  \*

      \*

VS.      \*

      \*    NO: 4:11CV00823  SWW

UNICARE LIFE & HEALTH \*

INSURANCE COMPANY and \*

ACXIOM CORPORATION LIFE & \*

ACCIDENTAL DEATH AND  \*

DISMEMBERMENT INSURANCE \*

PLAN      \*

   Defendants \*

      \*

## ORDER

Plaintiff Sean Nichols ("Nichols") commenced this action under the Employee Retirement Income Security Act  ("ERISA"), 29 U.S.C. § 1001 *et seq*., against UniCare Life & Health Insurance Company ("UniCare") and Acxiom Corporation Life and Accidental Death and Dismemberment Insurance Plan, challenging UniCare's decision to deny Nichols's claim for accidental death benefits.   On September 14, 2012, the Court entered judgment in Nichols's favor.  Now before the Court is Nichols's motion for attorney's fees, costs, and prejudgment interest (docket entries #30, #31) and Defendants' response in opposition (docket entries #35, #36).  After careful consideration, and for reasons that follow, Nichols's motion is granted as stated in this order.

Also before the Court is Defendants' motion for a stay of execution of judgment and waiver of supersedeas bond (docket entry #40).  Plaintiff has up to and including five (5) days from the entry of this order in which to file a response to Defendants' motion.

## I.  Background

Nichols is the surviving spouse of Dana Nichols, who died on May 3, 2010.   Dana's autopsy report lists her cause of death as "mixed drug intoxication" and states the manner of death as undetermined.  [AR UniCare 00076]  Dana was employed by Acxiom Corporation, and she was insured under the Acxiom Corporation Life and Accidental Death and Dismemberment Insurance Plan (the "Plan").  The Plan is funded by a policy underwritten by UniCare, and UniCare serves as claims administrator.

Nichols filed a claim for accidental death benefits under the Plan.   By letter dated September 2, 2011, UniCare denied Nichols's claim, stating two reasons for the adverse decision:  (1) the  manner of death was listed on the death certificate as "could not be determined," and (2) the Plan excludes benefits for death caused by intoxication.  [AR UniCare 0003]

## II.  Attorney's Fees

Pursuant to 29 U.S.C. § 1132(g)(1), a court may, in its discretion, allow reasonable attorney's fees and costs of action to either party in an action under ERISA.  There is no presumption in favor of awarding attorney's fees to prevailing plaintiffs in ERISA cases.  *See Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 971-72 (8th Cir.2002).  Instead, a court must decide whether attorney's fees are appropriate in the individual case before it and, if so, whether the fees requested are reasonable.  The Eighth Circuit has identified five factors that district courts should consider in exercising discretion under this provision of ERISA: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an attorney's fee award could deter other persons

acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.  *See Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 532 (8th Cir. 2005).

After careful consideration of the foregoing factors, the Court finds that an attorney's fee award is warranted in this case.  First, given the lack of any evidence supporting UniCare's stated reasons for denying Nichols's claim, the Court finds that the degree of culpability factor weighs in favor of awarding attorney's fees.  A medical examiner's inability to determine the manner of death--whether death resulted from natural causes, accident, suicide, or homicide--is simply not determinative of whether death resulted from "accidental injury" within the meaning of the Plan.  *See Schmidt v. Metropolitan Life Ins. Co.* , No. 08-0726-CV-W-FJG, 2009 WL 2982918, *6 (W.D. Mo. Sept. 14, 2009).[1]  Furthermore, the evidence shows that mixed drug intoxication was the immediate cause of death, and there is no evidence that the decedent was legally intoxicated when she ingested the lethal drug mixture.

Second, UniCare does not dispute its ability to pay Nichols's attorney's fees without suffering financial hardship.  Third, considering the deterance factor, the Court finds that awarding attorney's fees in this case will encourage plan administrators to consider claims in accordance with plan requirements.   Fourth, although Nichols did not seek to vindicate the

---

[1]In opposition to Nichols's motion for summary judgment, Defendants argued:  "Plaintiff failed to provide UniCare any evidence that would refute the medical determination that Ms. Nichols's death was not accidental, and has failed to meet his burden of showing entitlement to accidental death benefits."  *Id.*   However, as noted in the order granting summary judgment in Nichols's favor, the record contains no evidence of a medical determination that  Dana Nichols's death was not accidental.

rights of others in this case, his perseverance in defending his own rights will hopefully benefit others subject to similar circumstances.  Fifth, for reasons stated in the order granting judgment in Nichols's favor, the Court finds that the merits weigh substantially in Nichols's favor.

Having determined that an award of attorney's fees is appropriate, the Court now turns to whether the fees sought are reasonable.  Nichols seeks attorney's fees in the amount of $23,760, based on 79.20 hours of work at an hourly rate of $300.  Defendants do not contest the hourly rate or the reasonableness of the majority of hours reported.  However, Defendants question opposing counsel's charge for eight hours committed to reviewing and preparing a response to Defendants' motion for a protective order (docket entries #6, #7) and 2.5 hours drafting a one-page response in opposition to Defendants' motion to file the administrative record conventionally (docket entries #9, #10).   Having reviewed the motions and responses in question, the Court finds that a four hours is a reasonable amount of time for preparing a response to Defendants' motion for a protective order and that preparing a response to Defendants' motion for leave to file would reasonably require no more than one hour.  Accordingly, the Court will exclude 5.5 hours from the lodestar calculation and award Nichols $22,220 in attorney's fees.

### III.  Prejudgment Interest

Nichols also seeks prejudgment interest.  "[C]ourts may award prejudgment interest as 'other appropriate equitable relief' under § 1132(a)(3)(B) when benefits are wrongfully delayed." *Parke v. First Reliance Std. Life. Ins. Co.*, 368 F.3d 999, 1006 (8th Cir. 2004).  Here, the Court finds that because Defendants improperly denied Nichols's claim for death benefits, an award of prejudgment interest should be granted.

Prejudgment interest should be determined in accordance with 28 U.S.C. § 1961.  *See*

*Sheehan v. Guardian Life Ins. Co.*, 372 F.3d 962, 969 (8th Cir.2004).   Specifically, the interest

must be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury

yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding [judgment][,]"  28 U.S.C. § 1961(a), which in this case is .19%.  However,

without additional information, such as the amount of death benefits due, the Court is unable to

specify the total amount of prejudgment interest in this case.   If the parties are unable to agree to

the amount of prejudgment interest, they may petition the Court.

## IV.  Costs

Nichols requests reimbursement of $375 in filing fees, and Defendants do not contest the

costs claimed.  The Court finds that Nichols is entitled to costs in the amount of $375, pursuant

to   29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1920.

## V.  Motion to Stay of Enforcement of Judgment and Waiver of Supersedeas Bond

By order entered October 11, 2012, pursuant to Rule 58 of the Federal Rules of Civil

Procedure, the Court granted Defendants' motion for an extension of time to file notice of

appeal.   Accordingly, the time for appeal will begin running from the entry of this order

granting Nichols's motion for attorney's fees.  *See* Fed. R. App. P. 4(a)(4).   Unicare states that it

will file a timely notice of appeal, and it  and moves to stay execution of the judgment until final

determination of an appeal.  Additionally, UniCare states that it is financially able to pay,

without delay, any judgment that is finally entered and that the Court should stay enforcement of

judgment without requiring a supersedeas bond.[2]  <u>Nichols has up to and including five days from the entry of this order in which to file a response to Defendants' motion.</u>

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees, costs, and prejudgment interest (docket entry #30) is GRANTED.  Plaintiff is hereby awarded $22,220 in attorney's fees, $375 in costs, and prejudgment interest calculated in accordance with 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Plaintiff has up to and including five (5) days from the entry of this order in which to file a response to Defendants' motion for a stay of execution of judgment and waiver of supersedeas bond.

IT IS SO ORDERED THIS 27TH  DAY OF NOVEMBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

_____

[2]Federal Rule of Civil Procedure 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond [except in the cases of judgments in actions for an injunction, a receivership, and those directing an accounting in a patent infringement suit]."  Some courts have held that a district court has the discretion to waive the bond requirement.  *See Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir.1988).